KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendants*
*Amazon.com Services LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual, | Case No. |
| Plaintiff, | |
| vs. | |
| AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive, | **AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |
| Defendants. | |

KAEMPFER
CROWELL

Amazon.com Services LLC ("Amazon") removes this civil action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada, unofficial Southern Division, under 28 U.S.C. §§ 1332(a), 1441, and 1446. This Court has original jurisdiction and removal is proper under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000 and the parties are fully diverse. 28 U.S.C. § 1332(a).

As a short and plain statement of the grounds for removal, Amazon states the following:

## I.    INTRODUCTION

Plaintiff Elizabeth Schmidt filed this action on July 6, 2023, in the Eighth Judicial District Court in Clark County, Nevada, Case Number A-23-873501-C. (*See* Ex. A, Docket (last accessed Dec. 12, 2023)).

Plaintiff alleges that on July 13, 2021, while she was in the laundry room of her home in Clark County, Nevada, she fell from a ladder while placing products on a high shelf. (Ex. B, Compl. ¶¶ 13–15). Plaintiff further alleges that the ladder "collapsed." (*Id*. at ¶ 14). She contends that "the subject ladder was sold, stored, inspected, tested, manufactured, designed and controlled by Defendants." (*Id*. at ¶15).

She asserts claims against Amazon and Infinladder Tech, Inc.[1] (sp) ("Infiniladder") for strict products liability, negligence, breach of express warranties, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, seeking both compensatory and punitive damages. (*Id*. at ¶¶ 16–45). For each claim, Plaintiff alleges she suffered injuries "resulting in medical

---

[1] Infiniladder Tech, Inc. is misspelled in the caption.

KAEMPFER
CROWELL

expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000." (*See id*. at ¶ 20, 26, 31, 35, 41, and 45). Amazon filed an answer and asserted cross-claims against Infiniladder on September 12, 2023. (Ex. F, Amazon's Answer and Cross-Claims).

## II.   REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). Complete diversity must exist at the time of removal. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

Plaintiff is a citizen of Colorado. (*See* Ex. B, Compl. ¶ 1).

None of the defendants are citizens of either Nevada or Colorado.

Defendant Infiniladder is a citizen of Delaware. (*See* Ex. B, Compl. ¶ 3, alleging Infiniladder is a foreign corporation).

Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens." *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.

The various Does and Roe business entities also do not affect jurisdiction

KAEMPFER

CROWELL

because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

### B.    The amount in controversy exceeds $75,000.

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Although Plaintiff alleged in the Complaint that she has suffered injuries "resulting in medical expenses, permanent injury, lost wages and pain and suffering . . .", she declined to specify the total amount of damages sought. (Ex. B, Compl. ¶¶ 20, 26, 31, 35, 41–45). Rather, Plaintiff alleged only that she seeks damages "in excess of $15,000" as required to establish jurisdiction in Nevada district court.  (*See id*. at ¶¶ 20, 26, 31, 35, 41); *see* Nev. R. Civ. P. 8(a)(4) (a pleader may allege "damages 'in excess of $15,000' without further specification of the amount").

Despite repeated requests from Defendant for Plaintiff to clarify the total amount of her claimed damages, Plaintiff declined to do until November 13, 2023. For example, although Plaintiff filed a Request for Exemption from Arbitration on October 6, 2023, she declined to include a total amount in controversy, instead alleging only that this case involves an indeterminate amount "in excess of $50,000" exclusive of interest and costs. (Ex. G, Request for Exemption). Plaintiff did not allege or communicate in any way that her damages exceeded $75,000 until November 13, 2023, when, in response to a request for a settlement demand, plaintiff's counsel emailed defendants' counsel a demand in excess of $75,000. (Ex.

J, Decl. of Counsel for Amazon).

A settlement demand is evidence that the amount in controversy exceeds $75,000. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim.") Accordingly, the amount in controversy exceeds $75,000 and removal is proper.

**C. Infiniladder consents to removal.**

Consent is required from "all defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Here, Infiniladder consented to removal in a declaration from its CEO Wu Jianyu dated November 21, 2023. (Ex. K).

**D. Removal is timely.**

This notice is timely. For the removal clock to begin to run, the grounds for removal must be *unequivocally clear and certain*. *Dietrich v. Boeing Co.,* 14 F.4th 1089, 1095 (9th Cir. 2021) (emphasis added). Here, that condition was not met until November 13, 2023. Plaintiff's Complaint fails to state the total amount of her damages, alleging only that they exceed the jurisdictional minimum of $15,000 for the Nevada district court. (*See* Ex. B, Compl. ¶¶ 20, 26, 31, 35, 41–45). When seeking an exemption from the Nevada district court's mandatory arbitration program, Plaintiff asserted only that her damages were an indeterminate amount in excess of $50,000. (Ex. G, Request for Exemption). In support of that assertion, she offered documentation of medical bills totaling only $33,853.64. (*Id.*) As a result, Amazon did not receive any "amended pleading, motion, order or other paper" showing this case was removable until November 13, 2023, when Plaintiff's counsel finally provided defense counsel with an initial settlement demand, which indicated,

KAEMPFER

CROWELL

for the first time, that Plaintiff is in fact seeking in excess of $75,000 in damages. (Ex. J, Decl. of Counsel for Amazon); *see also* 28 U.S.C. § 1446(b)(3).

As required, this Notice of Removal was filed within 30 days of receipt of that email by Amazon's counsel. (*See* Ex. J, Decl. of Counsel for Amazon).

## III.   VENUE AND NOTIFICATION TO STATE COURT

### A.   This Court is the appropriate venue for this action.

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

### B.   Amazon is providing notice to the state court.

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

### C.   Pleadings in the state court action are included.

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (Exhibits B–I).

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants Amazon.com Services LLC*

KAEMPFER
CROWELL

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Kaempfer Crowell, and that on today's date, I electronically filed **AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** with the United States District Court for the District of Nevada through the CM/ECF Electronic Filing System to the addressee(s) shown below:

BOYACK LAW GROUP
Bryan A. Boyack
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

DATED: December 12, 2023

 */s/ Morganne Westover*
An employee of Kaempfer Crowell

# EXHIBIT A

# EXHIBIT A

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search  Back   Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-23-873501-C

| | | |
|---|---|---|
| Elizabeth Schmidt, Plaintiff(s) vs. Amazon.com Services, LLC, Defendant(s) | § § § § § § | Case Type: **Product Liability** |
| | | Date Filed: **07/06/2023** |
| | | Location: **Department 16** |
| | | Cross-Reference Case Number: **A873501** |

---

## PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | **Amazon.com Services, LLC** | **Raleigh C Thompson**<br>*Retained*<br>702-792-7000(W) |
| **Defendant** | **Infinladder Tech, Inc.** | |
| **Plaintiff** | **Schmidt, Elizabeth** | **Bryan A. Boyack**<br>*Retained*<br>702-744-7474(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/06/2023 | **Initial Appearance Fee Disclosure      Doc ID# 1**<br>*[1] Initial Appearance Fee Disclosure* |
| 07/06/2023 | **Complaint      Doc ID# 2**<br>*[2] Complaint* |
| 07/06/2023 | **Summons Electronically Issued - Service Pending      Doc ID# 3**<br>*[3] Summons* |
| 07/06/2023 | **Summons Electronically Issued - Service Pending      Doc ID# 4**<br>*[4] Summons* |
| 08/11/2023 | **Summons      Doc ID# 5**<br>*[5] Summons of Amazon.Com* |
| 08/11/2023 | **Summons      Doc ID# 6**<br>*[6] Summons of Infinladder* |
| 09/12/2023 | **Answer and Crossclaim      Doc ID# 7**<br>*[7] Amazon's Answer to Complaint and Cross-Claims* |
| 10/06/2023 | **Request for Exemption From Arbitration      Doc ID# 8**<br>*[8] Request for Exemption from Arbitration* |
| 10/11/2023 | **Opposition to Request for Exemption      Doc ID# 9**<br>*[9] Opposition to Plaintiff's Request for Exemption from Arbitration* |
| 10/20/2023 | **Commissioners Decision on Request for Exemption - Granted      Doc ID# 10**<br>*[10] Commissioner's Decision on Request for Exemption - GRANTED* |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** Amazon.com Services, LLC | | | |
| Total Financial Assessment | | | 223.00 |
| Total Payments and Credits | | | 223.00 |
| **Balance Due as of 12/12/2023** | | | **0.00** |
| 09/12/2023 | Transaction Assessment | | 223.00 |
| 09/12/2023 | Efile Payment | Receipt # 2023-78967-CCCLK      Amazon.com Services, LLC | (223.00) |

| | | | |
|---|---|---|---|
| **Plaintiff** Schmidt, Elizabeth | | | |
| Total Financial Assessment | | | 270.00 |
| Total Payments and Credits | | | 270.00 |
| **Balance Due as of 12/12/2023** | | | **0.00** |
| 07/06/2023 | Transaction Assessment | | 270.00 |
| 07/06/2023 | Efile Payment | Receipt # 2023-57400-CCCLK      Schmidt, Elizabeth | (270.00) |

# EXHIBIT B

# EXHIBIT B



Electronically Filed
7/6/2023 1:42 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone:  (702) 744-7474
Fax:      (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiffs*

CASE NO: A-23-873501-C
Department 16

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ELIZABETH SCHMIDT, individually,

Plaintiff,

vs.

AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,

Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

Plaintiff, ELIZABETH SCHMIDT, by and through her undersigned counsel, BRYAN A. BOYACK, ESQ. of BOYACK LAW GROUP, hereby complains and alleges as follows:

1.      At all times mentioned, Plaintiff, ELIZABETH SCHMIDT , is a resident of State of Colorado.

2.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendant, AMAZON.COM SERVICES, LLC, was and is a foreign limited liability company doing business in Clark County, State of Nevada.

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendant, INFINLADDER TECH, INC., was and is a foreign corporation doing business in Clark County, State of Nevada

4.      All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

Page 1 of 6

5.      That Defendant DOES 1-5 and ROE BUSINESS ENTITIES 1-5, inclusive, are foreign or domestic designers and/or manufacturers of the defective ladder or its component parts complained of herein.

6.      That Defendant DOES 6-10 and ROE BUSINESS ENTITIES 6-10, inclusive, are foreign or domestic suppliers, distributors and/or retailers of the defective ladder or its component parts complained of herein and/or are agents otherwise involved with placing the ladder within the stream of commerce as related to the present matter.

7.      That Defendant DOES 11-15 and ROE BUSINESS ENTITIES 11-15, inclusive, are mechanics, supervisors, managers, agents and/or employees of Defendants.

8.      That Defendant DOES 16-20 and ROE BUSINESS ENTITIES 16-20, inclusive, are successor business entities that may have purchased, merged, or otherwise have a corporate partnership with AMAZON.COM SERVICES, LLC and/or INFINILADDER TECH, INC. and assumed liability for claims against AMAZON.COM SERVICES, LLC and/or INFINILADDER TECH, INC.

9.      That the true names and capacities of the Defendants designated herein as DOE or ROE BUSINESS ENTITIES are presently unknown to Plaintiffs at this time. Therefore, Plaintiffs sue said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

10.     That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

11.     That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES was in some manner negligently, strictly or otherwise responsible for the events and happenings referred to and caused damages to Plaintiffs as herein alleged.

12.     Plaintiffs will ask leave of the court to amend the Complaint to insert the true names of such defendants when the same have been ascertained.

## FACTUAL ALLEGATIONS

13. On July 13, 2021 Plaintiff, was in her laundry room of her residence using a HB Tower 4 step household ladder (hereinafter "subject ladder") to place products on top of the shelf.

14. On July 13, 2021, the subject ladder collapsed while Plaintiff was using it as described above.

15. On July 13, 2021, the subject ladder was sold, stored, inspected, tested, manufactured, designed and controlled by Defendants.

## FIRST CAUSE OF ACTION

### (Strict Product Liability as to all Defendants)

16. Plaintiffs repeat and reallege paragraphs 1-15 as though the same were fully set forth at length herein.

17. At the time the subject ladder was placed in the stream of commerce by Defendants, the subject ladder was defective and unreasonably dangerous, without limitation, as follows:

    i. Defects in the design of the Subject ladder;

    ii. Defects in the manufacture of the Subject ladder;

    iii. Defects in the warnings or labels accompanying the Subject ladder; and

    iv. Other defects that may later be revealed during discovery.

18. The failure of the Subject ladder, and the damages sustained by Plaintiff were a direct and proximate result of the defects in the Subject ladder, which was being used in the manner intended by the manufacturers or in a manner unintended but foreseeable by the manufacturers.

19. Defendants are strictly liable for the injuries and damages sustained by Plaintiff.

20. Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00

## SECOND CAUSE OF ACTION

### (Negligence as to all Defendants)

21. Plaintiffs repeat and reallege paragraphs 1-20 as though the same were fully set forth at length herein.

22.    Defendants had a duty to Plaintiff to exercise reasonable care in its design, testing, manufacturing, sale, examining, maintaining, repairing and/or certification of the Subject ladder.

23.    Defendants failed to exercise the reasonable care in its design, testing, manufacturing, sale, examination, maintenance, repair and/or certification of the Subject ladder.

24.    Defendants' acts and/or omissions are the proximate and legal cause of the failure of the Subject ladder and the damages sustained by Plaintiff.

25.    Plaintiff sustained injuries and damages as a result of Defendants' breach of their duty/duties.

26.    Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00

### THIRD CAUSE OF ACTION

#### (Breach of Express Warranties as to all Defendants)

27.    Plaintiffs repeat and reallege paragraphs 1-26 as though the same were fully set forth at length herein.

28.    Defendants expressly warranted that the Subject ladder were free from defects.

29.    Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the Subject ladder.

30.    Plaintiff sustained injuries and damages as a result of Defendants' breach.

31.    Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

### FOURTH CAUSE OF ACTION

#### (Breach of Implied Warranty of Merchantability as to all Defendants)

32.    Plaintiffs repeat and reallege paragraphs 1-31 as though the same were fully set forth at length herein.

33.    Defendants breached the implied warranty of merchantability of the Subject ladder, and their breach of warranty was the proximate and legal cause of the failure of the Subject ladder.

34.    Plaintiff sustained injuries and damages as a result of Defendants' breach.

35.     Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

**FIFTH CAUSE OF ACTION**

**(Breach of Implied Warranty of Fitness for a Particular Purpose as to all Defendants)**

36.     Plaintiffs repeat and reallege paragraphs 1-35 as though the same were fully set forth at length herein.

37.     Defendants had reason to know:

    a.   the particular purpose for which the Subject ladder would be used; and

    b.   that Plaintiff was relying on Defendants' skill and judgment to provide a suitable product.

38.     Defendants implicitly warranted that the Subject ladder were fit for the particular purpose for which it was required.

39.     Defendants breached their implied warranty of fitness for a particular purpose, and its breach of warranty was the proximate and legal cause of the failure of the Subject ladder.

40.     Plaintiff sustained injuries and damages as a result of Defendants' breach.

41.     Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

**SIXTH CAUSE OF ACTION**

**(Punitive Damages as to all Defendants)**

42.     Plaintiffs repeat and reallege paragraphs 1-41 as though the same were fully set forth at length herein.

43.     That at all times relevant herein, Defendants acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff.

44.     That, specifically, Defendants' conduct gives rise to and supports a claim for punitive damages pursuant to NRS 42.005-7.

45.     That as a direct and proximate result of the acts of Defendants, Plaintiff has incurred damages and is thereby entitled to punitive damages in excess of $15,000.00.

Page 5 of 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;

2. Special damages for medical and incidental expenses incurred and to be incurred, but in excess of $15,000.00;

3. Punitive damages in an amount in excess of $15,000.00;

4. Special damages for lost earnings and earning capacity in excess of $15,000.00;

5. Reasonable attorney's fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated this 6th day of July, 2023.

BOYACK LAW GROUP

*/s/ Bryan A. Boyack*

BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
Attorney for Plaintiff

Page 6 of 6

# EXHIBIT C

# EXHIBIT C

Electronically Filed
7/6/2023 1:42 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone:  (702) 744-7474
Fax:      (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiffs*

CASE NO: A-23-873501-C
Department 16

# DISTRICT COURT

# CLARK COUNTY, NEVADA

ELIZABETH SCHMIDT, individually,

Plaintiff,

vs.

AMAZON.COM SERVICES, LLC, a Foreign
Limited Liability Company; INFINLADDER
TECH, INC., a Foreign Corporation; DOES 1
through 20; and ROE CORPORATIONS 1
through 20, inclusive,

Defendants.

CASE NO.:
DEPT NO.:

**INITIAL APPEARANCE FEE DISCLOSURE**

The filing fees are submitted for the above-named Plaintiff appearing in the subject action is as indicated below:

| | |
|---|---|
| ELIZABETH SCHMIDT | $270.00 |
| TOTAL: | $270.00 |

Dated this 6th day of July, 2023.

BOYACK LAW GROUP

*/s/ Bryan A. Boyack*

BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
Attorney for Plaintiff

Page 1 of 1

# EXHIBIT D

# EXHIBIT D

Electronically Filed
8/11/2023 10:17 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone:  (702) 744-7474
Fax:     (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiffs*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

ELIZABETH SCHMIDT, individually,

Plaintiff,

vs.

AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,

Defendants.

CASE NO.:  A-23-873501-C
DEPT NO.:

**SUMMONS**

NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.

TO THE DEFENDANT: **INFINLADDER TECH, INC.**

A civil complaint has been filed by the plaintiff(s) against you for the relief set forth in the complaint. If you intend to defend this lawsuit, within 21 days after this summons is served on you exclusive of the day of service, you must do the following:

    a.   File with the clerk of this court, whose address is shown below, a formal written response to the complaint in accordance with the rules of the court.
    b.   Serve a copy of your response upon the attorney at the address as shown above.

Unless you respond, a default against you will be entered upon application of the plaintiff(s) and this court may enter a judgment against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

CLERK OF THE COURT

Issued at the direction of:

*/s/ Bryan A. Boyack___*     By: _____   7/6/2023
Bryan A. Boyack, Esq.            DEPUTY CLERK     Date
Nevada Bar No. 9980             Regional Justice Center
                              200 East Lewis Avenue
                              Las Vegas, Nevada 89155

Demond Palmer

Page 1 of 1

## AFFIDAVIT OF SERVICE

| Case:<br>A-23-873501-C | Court:<br>Clark County District Court | County:<br>Clark, NV | Job:<br>9327628 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Elizabeth Schmidt | | Defendant / Respondent:<br>Amazon.com Services, LLC, et al | |
| Received by:<br>Delaware Attorney Services | | For:<br>Boyack Law Group | |
| To be served upon:<br>Infinladder Tech, Inc. | | | |

I, Sharlene Brooks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Nancy Wolf, Corporate: Advantage Delaware Inc. - 3524 Silverside Rd Ste. 35b, Wilmington, DE 19810

**Manner of Service:**   Corporation, Aug 8, 2023, 3:55 pm EDT

**Documents:**   Summons and Complaint

**Additional Comments:**
1) Successful Attempt: Aug 8, 2023, 3:55 pm EDT at Corporate: Advantage Delaware Inc. - 3524 Silverside Rd Ste. 35b, Wilmington, DE 19810 received by Nancy Wolf. Age: 70; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'10"; Hair: Blond; Other: Corp Specialist ;

I declare under penalty of perjury that the foregoing is true and correct.

_____   8/9/2023
Sharlene Brooks                              Date

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
702-209-2140

# EXHIBIT E

# EXHIBIT E

Electronically Filed
8/11/2023 10:17 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone:  (702) 744-7474
Fax:      (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiffs*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:   A-23-873501-C<br>DEPT NO.:<br><br><br>**SUMMONS** |

NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.

TO THE DEFENDANT: **AMAZON.COM SERVICES, LLC**

A civil complaint has been filed by the plaintiff(s) against you for the relief set forth in the complaint. If you intend to defend this lawsuit, within 21 days after this summons is served on you exclusive of the day of service, you must do the following:

a.   File with the clerk of this court, whose address is shown below, a formal written response to the complaint in accordance with the rules of the court.
b.   Serve a copy of your response upon the attorney at the address as shown above.

Unless you respond, a default against you will be entered upon application of the plaintiff(s) and this court may enter a judgment against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

CLERK OF THE COURT

Issued at the direction of:

*/s/ Bryan A. Boyack___*                    By: _____   7/6/2023
Bryan A. Boyack, Esq.                              DEPUTY CLERK                        Date
Nevada Bar No. 9980                              Regional Justice Center
                                                              200 East Lewis Avenue
                                                              Las Vegas, Nevada 89155

Demond Palmer

Page 1 of 1

**AFFIDAVIT OF SERVICE**

| Case:<br>A-23-873501-C | Court:<br>Clark County District Court | County:<br>Clark, NV | Job:<br>9327614 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Elizabeth Schmidt | | Defendant / Respondent:<br>Amazon.com Services, LLC, et al | |
| Received by:<br>Serve Vegas LLC | | For:<br>Boyack Law Group | |
| To be served upon:<br>Amazon.com Services, LLC | | | |

I, Reesha Powell, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Kris Osborn, Corporate: 112 N Curry St, Carson City, NV 89703 |
| **Manner of Service:** | Registered Agent, Aug 8, 2023, 12:58 pm PDT |
| **Documents:** | Summons and Complaint |

**Additional Comments:**
1) Successful Attempt: Aug 8, 2023, 12:58 pm PDT at Corporate: 112 N Curry St, Carson City, NV 89703 received by Kris Osborn. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_Reesha Powell_

_____     08/08/2023
Reesha Powell                                    **Date**
R-2019-09609

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-722-1836
Nevada License 1914

# EXHIBIT F

# EXHIBIT F

Electronically Filed
9/12/2023 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendants*
*Amazon.com Services LLC*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.  A-23-873501-C<br><br>Dept. 16<br><br>**AMAZON'S ANSWER TO COMPLAINT AND CROSS-CLAIMS** |

Defendant Amazon.com Services LLC ("Amazon") answers Plaintiff Elizabeth Schmidt's Complaint (filed July 6, 2023) (the "Complaint"). Except as expressly admitted, Amazon denies all allegations in the Complaint that pertain to it.

1. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

Page 1 of 16

2.     Amazon admits that Amazon.com Services LLC is a citizen of Delaware, has facilities in Nevada, and people within Nevada purchase products from various sellers on Amazon's store. Amazon denies the remainder of the allegations in Paragraph 2.

3.     The allegations in Paragraph 3 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 3 that pertain to it.

4.     Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5.     The allegations in Paragraph 5 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 5 that pertain to it.

6.     The allegations in Paragraph 6 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 6 that pertain to it.

7.     The allegations in Paragraph 7 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 7 that pertain to it.

8.     The allegations in Paragraph 8 regarding Defendant Does 16-20

KAEMPFER
CROWELL

and Roe Business entities are directed at another defendant and require no response from Amazon. To the extent those allegations are construed to make allegations against Amazon, Amazon denies those allegations. Amazon denies the remainder of the allegations in Paragraph 8 of Plaintiff's Complaint.

9. The allegations in Paragraph 9 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 9 that pertain to it.

10. The allegations in Paragraph 10 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 10 that pertain to it.

11. The allegations in Paragraph 11 are directed at another defendant and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 11 that pertain to it.

12. The allegations in Paragraph 12 are not directed at Amazon, or any other defendant, and require no response from Amazon. To the extent this paragraph is construed to make allegations against Amazon, Amazon denies the allegations in Paragraph 12 that pertain to it.

13. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14. Amazon lacks sufficient information or knowledge to admit or

deny the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Amazon admits only that as part of its Fulfilment by Amazon ("FBA") program, Amazon stored the subject product at one of its facilities and shipped it to Plaintiff. Amazon denies the remainder of the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Amazon incorporates by reference its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully stated herein.

17. Amazon denies the allegations in Paragraph 17 of Plaintiff's Complaint, and all subparts.

18. Amazon denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. The allegations in Paragraph 19 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

20. The allegations in Paragraph 20 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

21. Amazon incorporates by reference its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully stated herein.

22. The allegations in Paragraph 22 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

23. The allegations in Paragraph 23 that are directed at other

KAEMPFER
CROWELL

defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

24. The allegations in Paragraph 24 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

25. The allegations in Paragraph 25 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

26. The allegations in Paragraph 26 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

27. Amazon incorporates by reference its responses to Paragraphs 1 through 26 of Plaintiff's Complaint as if fully stated herein.

28. The allegations in Paragraph 28 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

29. The allegations in Paragraph 29 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

30. The allegations in Paragraph 30 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

31. The allegations in Paragraph 31 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains

KAEMPFER
CROWELL

allegations directed at Amazon, Amazon denies those allegations.

32.    Amazon incorporates by reference its responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if fully stated herein.

33.    The allegations in Paragraph 33 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

34.    The allegations in Paragraph 34 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

35.    The allegations in Paragraph 35 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

36.    Amazon incorporates by reference its responses to Paragraphs 1 through 35 of Plaintiff's Complaint as if fully stated herein.

37.    The allegations in Paragraph 37 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations, and all subparts.

38.    The allegations in Paragraph 38 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

39.    The allegations in Paragraph 39 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations,

40.    The allegations in Paragraph 40 that are directed at other

KAEMPFER
CROWELL

defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

41. The allegations in Paragraph 41 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations,

42. Amazon incorporates by reference its responses to Paragraphs 1 through 41 of Plaintiff's Complaint as if fully stated herein.

43. The allegations in Paragraph 43 that are directed at other defendants require no response from Amazon. To the extent this paragraph contains allegations directed at Amazon, Amazon denies those allegations.

44. Amazon denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Amazon denies the allegations in Paragraph 45 of Plaintiff's Complaint.

**WHEREFORE**, Amazon respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Without admitting any of the allegations contained in the Complaint, except as set forth above, and without admitting or acknowledging that Amazon bears any burden of proof as to any of the allegations contained in the Complaint, Amazon asserts the affirmative and additional defenses listed below. Amazon intends to rely upon other defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend this Answer to assert any such further defenses, as provided by Nevada

Rules of Civil Procedure 8 and 12.

**First Affirmative Defense**

Plaintiff failed to state a claim against Amazon upon which relief can be granted.

**Second Affirmative Defense**

If Plaintiff incurred damages as alleged, the damages were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Amazon was not responsible.

**Third Affirmative Defense**

Any amount that Plaintiff claims as compensatory damages, if not entirely barred, must be diminished proportionately by the fault of anyone who caused or contributed to cause the harm.

**Fourth Affirmative Defense**

If Plaintiff incurred injuries or expenses as alleged, they were the result of intervening and/or superseding causes.

**Fifth Affirmative Defense**

The injuries and damages alleged by Plaintiff were due to the contributory and/or comparative negligence of Plaintiff.

**Sixth Affirmative Defense**

Plaintiff's alleged injuries and damages, if any, were caused or contributed to by misuse, unauthorized use, unintended use, unforeseeable use, and/or improper use of the product at issue.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by her failure to mitigate damages.

**Eighth Affirmative Defense**

Plaintiff may have received compensation from alternate sources and recovery must be reduced, and/or a credit or setoff given, accordingly.

**Ninth Affirmative Defense**

Plaintiff has failed to join necessary and/or indispensable parties.

**Tenth Affirmative Defense**

Amazon did not breach any duty owed to Plaintiff.

**Eleventh Affirmative Defense**

Plaintiff assumed the risk of injury.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the danger, or potentiality of danger, concerning the product at issue, was open and obvious and/or generally known and recognized.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or equitable estoppel.

**Fourteenth Affirmative Defense**

Plaintiff's breach of warranty claims are barred due to a lack of privity.

**Fifteenth Affirmative Defense**

Plaintiff lacks standing for her claims.

**Sixteenth Affirmative Defense**

The benefits of the design and composition of the product outweigh the risks, if any, associated with it.

KAEMPFER
CROWELL

**Seventeenth Affirmative Defense**

Upon information and belief, Plaintiff and/or other persons or entities were aware of, or should have been aware of, the proper, safe and intended use, care, and maintenance of the product. Plaintiff and/or other persons or entities may have nevertheless, and with full knowledge of the consequences and dangerousness of such use, abused the product by not properly and safely caring for, using, and maintaining the product, and such abuse proximately caused Plaintiff's damages, if any.

**Eighteenth Affirmative Defense**

The product which is the subject of this lawsuit may have contained specific warnings regarding the consequences of its use which admonished the user not to use the product except pursuant to, and in strict conformance with, the instructions for its use. Plaintiff and/or other persons or entities, with complete disregard for said warnings, and with knowledge of said warnings and with complete appreciation of the consequences and dangerousness of using the product contrary to said warnings, may have nevertheless used said product in disregard of the warnings and thereby proximately caused Plaintiff's damages, if any.

**Nineteenth Affirmative Defense**

The product which is the subject of this lawsuit may have contained specific instructions regarding the proper use of said product, the manner in which to properly use the product, the manner in which the product may be safely used, the procedures to follow to correctly, properly and safely use the product and the use for which the product was designed, intended, and marketed. Plaintiff and/or other persons or entities were aware of, or should have been aware of, said instructions,

KAEMPFER
CROWELL

and Plaintiff and/or other persons or entities knew, or should have known, of the consequences and dangerousness of using the product contrary to and in disregard of said instructions, and may have nevertheless used said product contrary to said instructions which proximately caused Plaintiff's damages, if any.

### Twentieth Affirmative Defense

Other defendants and/or third parties owe contribution and/or indemnity for Plaintiff's damages, if any.

### Twenty-First Affirmative Defense

Amazon cannot be liable for any product defect because it did not design, manufacture, or sell the product.

### Twenty-Second Affirmative Defense

Plaintiff's claims, to the extent they are based on third-party content published online, are barred by the Communications Decency Act, 47 U.S.C § 230.

### Twenty-Third Affirmative Defense

There was no concert of action between Amazon and any other defendant; therefore, Amazon is not a joint tortfeasor, and Amazon may not be held jointly and severally liable with other defendants.

### Twenty-Fourth Affirmative Defense

To the extent that other Parties compromise and settle all matters and things at issue between them and Plaintiff, any amount paid on behalf of one tortfeasor in settlement of claims is a setoff against any claim or judgment that may be rendered against any remaining tortfeasor.  Pursuant to those provisions, Amazon is entitled to have any judgment rendered against it set off by any funds paid in settlement on behalf of other tortfeasors.

KAEMPFER

CROWELL

**Twenty-Fifth Affirmative Defense**

To the extent that the product described in Plaintiff's Complaint was sold with a disclaimer of warranties, Amazon pleads such disclaimer as a complete defense to Plaintiff's claims. To the extent that the product described in Plaintiff's Complaint was sold with a limitation of warranties, Amazon pleads such limitation as a complete defense to Plaintiff's claims.

**Twenty-Sixth Affirmative Defense**

Plaintiff failed to provide Amazon timely notice of any alleged defect, breach of warranty, or other claim.

**Twenty-Seventh Affirmative Defense**

To the extent that any person may have failed to preserve valuable evidence to Amazon's prejudice, the claims and causes of action against Amazon may be dismissed.

**Twenty-Eighth Affirmative Defense**

No act or omission by Amazon was malicious, willful, wanton, or intentional, and, therefore, any award of punitive damages is barred.

**Twenty-Ninth Affirmative Defense**

All or part of the injuries, damages, and/or losses Plaintiff sustained, if any, may have been a direct and proximate result of a pre-existing condition Plaintiff incurred prior to the events alleged in the Complaint.

**Thirtieth Affirmative Defense**

The product at issue suffered no manufacturing or design defect and was accompanied by adequate warnings.

KAEMPFER

CROWELL

**Thirty-First Affirmative Defense**

Plaintiff's claims may be barred in whole or in part by res judicata and/or collateral estoppel.

**Thirty-Second Affirmative Defense**

Based on the state of scientific, medical, and technological knowledge existing at the time, Plaintiff allegedly used the product at issue in this action, the product performed in a manner reasonably expected in light of its nature and intended function, and the product was not unreasonably more dangerous than would be contemplated by the ordinary user having knowledge in the community. *Ford Motor Co. v. Trejo,* 133 Nev. 520, 523 (2017).

**Thirty-Third Affirmative Defense**

The product had a state-of-the-art design at the time it was placed into the stream of commerce. *Robinson v. G.G.C., Inc.,* 107 Nev. 135, 141, 808 P.2d 522, 525 (1991).

**Thirty-Fourth Affirmative Defense**

Amazon adopts and incorporates by reference each and every other separate defense by any other defendant to the extent such defenses are applicable to Amazon.

**CROSS-CLAIMS AGAINST INFINILADDER TECH, INC.**

Amazon cross-claims and alleges as follows:

1.      Plaintiff alleges in her Complaint that she was injured while using a household ladder in the laundry room of her residence on July 13, 2021.

2.      On information and belief, Infiniladder Tech, Inc. ("Infiniladder"), and not Amazon, manufactured and/or designed the ladder which

KAEMPFER

CROWELL

Plaintiff alleges caused her injuries.

3. If the damages and injuries alleged in Plaintiff's Complaint were the result of any conduct other than Plaintiff's own negligence, said injuries and damages were caused by the active, primary and affirmative negligence of Infiniladder and its agents, servants and/or employees, without any negligence on the part Amazon.

4. If the Plaintiff's allegations as to the defective nature of the product at issue as alleged in Plaintiff's Complaint are true, Infiniladder was the primary wrongdoer and is responsible for the claims made by the Plaintiff against Amazon. If any negligence or liability is found to exist on the part of Amazon, such liability and negligence is secondary and/or passive, or the result solely of operation of law, as opposed to the liability of Infiniladder whose alleged liability is primary and active.

5. In such event, Amazon demands judgment over and against Infiniladder for indemnity and/or contribution, and for the amount of any verdict or judgment which shall or may be had against Amazon in this action, together with all costs and expenses which may be incurred in the defense of this action.

## FIRST CLAIM FOR RELIEF

### (INDEMNIFICATION)

6. Amazon repeats and realleges the allegations set forth in the preceding paragraphs of its cross-claims and incorporates the same as though fully set forth herein.

7. In the event Amazon is held liable to Plaintiff, in whole or in part, for injuries and damages complained of, Amazon is entitled to indemnity from

KAEMPFER
CROWELL

Infiniladder for the circumstances described in the Complaint.

8.    Amazon has been required to employ the services of an attorney to defend the allegations in the Complaint and prosecute these cross-claims, and is entitled to its reasonable attorney fees and costs of suit.

**SECOND CLAIM FOR RELIEF**

**(CONTRIBUTION)**

9.    Amazon repeats and realleges the allegations set forth in the preceding paragraphs of its cross-claims and incorporates the same as though fully set forth herein.

10.    In the event Amazon is held liable to Plaintiff, in whole or in part, for injuries and damages complained of, Amazon is entitled to contribution from Infiniladder for the circumstances described in the Complaint.

11.    Amazon has been required to employ the services of an attorney to defend the allegations in the Complaint and prosecute these cross-claims, and is entitled to its reasonable attorney fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Amazon requests judgment as follows:

A.    Plaintiff takes nothing for the Complaint, and that the Complaint be dismissed with prejudice;

B.    Granting judgment to Amazon on its cross-claims against Infiniladder, together with costs, attorney's fees, and disbursements of the within action;

C.    For all attorneys' fees and costs of suit incurred herein; and

KAEMPFER

CROWELL

D.    For such other relief as this Court deems just and proper.

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b)(2)(D) and E.D.C.R. 8.05, I certify that I am an employee of Kaempfer Crowell, and that on today's date, I electronically filed the **AMAZON'S ANSWER TO COMPLAINT AND CROSS-CLAIMS** to be served via the Court's Odyssey E-Filing system, to the addressee(s) shown below:

BOYACK LAW GROUP
Bryan A. Boyack
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

DATED: September 12, 2023

 */s/ Morganne Westover*
An employee of Kaempfer Crowell

KAEMPFER
CROWELL

# EXHIBIT G

# EXHIBIT G

Electronically Filed
10/6/2023 1:17 AM
Steven D. Grierson
CLERK OF THE COURT

**REA**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone:  (702) 744-7474
Fax:      (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive, <br><br> Defendants. | CASE NO.:   A-23-873501-C <br> DEPT NO.:   16 |

## REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff, ELIZABETH SCHMIDT, hereby requests the above-entitled matter be exempted from The Court Annexed Arbitration Program pursuant to Nevada Arbitration Rule 5.  This matter qualifies for a **permissive exemption** (NAR 5(b)) as follows:

☐ case presents significant issues of public policy

☐ case presents unusual circumstances that constitute good cause

☒ case involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs

### I.      FACTUAL BACKGROUND

This personal injury action arises from an incident on or around July 13, 2021. Plaintiff ELIZABETH SCHMIDT was in her laundry room of her residence using a HB Tower 4 step household ladder to place products on top of the shelf. On the same aforementioned date, the ladder

Page 1 of 6

collapsed while Plaintiff was using it. The ladder was sold, stored, inspected, tested, manufactured, designed and controlled by Defendants AMAZON.COM Services, LLC and INFINLADDER TECH, INC. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained a great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all in excess of $50,000.

Plaintiff filed a Complaint on July. 6, 2023, against Defendant in the Eighth Judicial District Court. On September 12, 2023, Defendant AMAZON filed an Answer to the Complaint. The filing of Plaintiff's Request for Exemption is only *four days* beyond the filing deadline prescribed by NAR 5(A), however, NAR 5(A) does allow for late requests upon the showing of good cause.  In evaluating "good cause," four factors identified by the Supreme Court "may aid in assessing" whether the standard is met: "(1) the explanation for the untimely conduct, (2) the importance of the requested untimely action, (3) the potential prejudice in allowing the untimely conduct, and (4) the availability of a continuance to cure such prejudice."  Nutton v. Sunset Station, Inc., 131 Nev. 279; 357 P.3d 966.

### 1.    Explanation for Untimely Conduct

The twenty days in which to file a Request for Exemption expired on October 2, 2023.  At the time, Plaintiff was missing medical records and bills from one provider. These medicals were needed in order to support exemption from arbitration.  As Plaintiff is still receiving medical treatment for her injuries, additional medical records and bills continue to come into the office.

### 2.    The Importance of the Requested Untimely Action

Plaintiff has incurred in excess of $33,000.00 in medical specials to date as a result of the subject incident, clearly qualifying this matter to be exempted.  The specifics of which will be explained in further detail below.  By not allowing this matter to be exempted, there is no way Plaintiff would have the opportunity to receive the full value for her claim as she would be capped at $50,000.00 in the arbitration program. This is especially important as Plaintiff continues to have pain and continues to received medical treatment for her injuries.

### 3.    The Potential Prejudice in Allowing the Untimely Conduct

As stated above, this request is a mere *four days* late from the deadline of October 2, 2023. As such, an arbitrator has not even been assigned to this matter and in fact, the Arbitration Selection

List has not even been issued by this Commissioner. There is no prejudice to the Defendant by the untimely filing of this request.

**4.    The Availability of a Continuance to Cure Such Prejudice**

This is not applicable in this matter as no prejudice exists.

**II.    SUMMARY OF MEDICAL TREATMENT FOR PLAINTIFFS**

**Plaintiff, SCHMIDT (hereinafter "Plaintiff"), has incurred $33,853.64 in medical specials as a result of this negligence. A breakdown of the medical specials incurred is as follows:**

| Provider | Date(s) of Service | Total Charges |
|---|---|---|
| 1. Mountain View Hospital | 07/13/21 | $12,626.00 |
| 2. Fremont Emergency Services | 07/13/21 | $2,998.00 |
| 3. Radiology Specialists | 07/13/21 -08/20/21 | $486.00 |
| 4. Desert Radiology Solutions | 08/05/21 | $1,999.11 |
| 5. Bone and Joint Specialists | 07/19/21 – 08/09/21 | $1,275.00 |
| 6. Luper Neidenthal & Logan | TBD | $3,684.53 |
| 7. Healthscopes | TBD | $550.00 |
| 8. James R. Dettling, MD | 09/13/21 – 11/09/21 | $1,275.00 |
| 9. Kelly Hawkins Physical Therapy | 09/16/21 – 11/09/21 | $7,755.00 |
| 10. Steinberg Diagnostic Medical Imaging Centers | 10/05/21 | $1,205.00 |
| **TOTAL PAST MEDICALS:** | | **$33,853.64** |

Following the incident, Plaintiff SCHMIDT presented to the emergency room at Mountain View Hospital with complaints of back pain, shin pain, right arm pain after falling off a stool. Plaintiff had a series of X-rays done including her right shoulder, right humerus, tibia and fibula, lumbar spine, thoracic spine, right hand, and right elbow. Plaintiff was diagnosed with a back sprain slash strain, rotator cuff tear, and a thoracic spine strain. Plaintiff was discharged with pain medication including cyclobenzaprine, ibuprofen and, acetaminophen. Plaintiff was advised to make a follow up appointment with an orthopedist.

On July 19, 2021, Plaintiff presented to Dr. Kirk Mendez at Bone and Joint Specialist oh her right shoulder. Plaintiff noted she was unable to raise her right arm and has some slight numbness and tingling in the hands. Plaintiff further noted she has low back pain and has bruising on her left leg. Dr. Mendez evaluated Plaintiff and ordered an MRI of her right shoulder which revealed a fracture on August 5, 2021. Dr. Mendez recommended Plaintiff to start physical therapy and repeat X-rays in three weeks.

On September 13th, 2021, Plaintiff presented to Dr. James Dettling at Professional Sports Orthopedic Association for evaluation of both her left and right shoulder. Plaintiff had increased discomfort with overhead activities, throwing, carrying, and reaching activities. Dr. Dettling ordered an MRI of her left shoulder with findings of mild tendinosis. Dr. Dettling diagnosed Plaintiff with a left shoulder rotator cuff strain and a right shoulder fracture. Dr. Dettling advised plaintiff to continue with her home exercise program, anti-inflammatories, and physical therapy.

On September 16, 2021, Plaintiff presented to Kelly Hawkins Physical Therapy and began a course of conservative treatment to recover her right shoulder mobility. Plaintiff's conservative treatment included electrical stimulation, home exercise program, hot slash cold packs, joint and soft tissue mobilization, manual therapy, massage, therapeutic activities and therapeutic exercises. Plaintiff attended 23 visits. Plaintiff continues to have pain and receive medical treatment, this case clearly meets the requirements needed to be exempted from the arbitration program.

### III.  CONCLUSION

Plaintiff SCHMIDT requests that this matter be exempt from arbitration as the probable value of this matter exceeds $50,000.00.

Pursuant to NRCP 11, I hereby certify this case to be within the exemption marked above and I am aware of the sanctions which may be imposed against any attorney or party who, without good cause or justification, attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any



required security code, access code or password that would permit access to the person's financial account.

Dated this 6th day of October, 2023.

BOYACK LAW GROUP

/s/ Bryan A. Boyack

BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
*Attorneys for Plaintiff*

Page 5 of 6

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of BOYACK LAW GROUP, and that on this 6th day of October, 2023, I served a copy of the foregoing **REQUEST FOR EXEMPTION FROM ARBITRATION** as follows:

☐ U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐ Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below; and/or

☐ Hand Delivery—By hand-delivery to the addresses listed below; and/or

X Electronic Service — in accordance with Administrative Order 14-2 and Rule 9 of the Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.).

**KAEMPFER CROWELL**
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com
*Attorneys for Defendants*
*Amazon.com Services LLC*

 /s/ Bryan Boyack
An employee of the BOYACK LAW GROUP

Page 6 of 6

# EXHIBIT H

# EXHIBIT H

**Electronically Filed**
**10/11/2023 1:48 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendants*
*Amazon.com Services LLC*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual,<br><br>Plaintiff,<br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.  A-23-873501-C<br><br>Dept. 16<br><br><br>**OPPOSITION TO PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** |

## I.    RELEVANT BACKGROUND

Plaintiff, Elizabeth Schmidt, alleges that on July 13, 2021, while she was standing on a ladder to place products on a high shelf in her laundry room, the ladder collapsed. *See* Compl. (filed July 6, 2023) ¶¶ 13–15. She alleges "the subject ladder was sold, stored, inspected, tested, manufactured, designed and controlled by Defendants." *Id*. She asserts claims against Amazon.com Services LLC ("Amazon") and Infinladder Tech, Inc. ("Infinladder") for strict products liability, negligence, breach of express warranties, breach of implied warranty of merchantability, breach

Page 1 of 5

of implied warrant of fitness for a particular purpose, and punitive damages. *Id*. at ¶¶ 16–45. For each claim, Plaintiff alleges she suffered injuries "resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000." *See id*. at ¶ 20.

On October 6, 2023, four days *after* the deadline to request exemption from arbitration under Nevada Arbitration Rule ("NAR") 5(A), Plaintiff filed a Request for Exemption from Arbitration (the "Request"). The Request asserts this "case involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs." The Request cites bills for medical treatment for the period of July 13, 2021 through November 9, 2021, totaling $33,853.64. There is no indication that Plaintiff received any medical treatment or incurred any damages after that period.

## II.     ARGUMENT

### A.     Plaintiff has not shown good cause to excuse the lateness of her request for exemption from arbitration.

NAR 5(A) requires a request for exemption from arbitration "be filed within 20 days after the filing of an answer by the first answering defendant."  Plaintiff admits that she filed the Request four days after the October 2, 2023 deadline. She has not, however, shown the requisite good cause to excuse her late filing. *See* NAR 5(A) (providing that "for good cause shown, an appropriate case may be removed from the program upon the filing of an untimely request for exemption"). Although she vaguely asserts that she "was missing medical records and bills from one provider," the most recent medical record she cites is for treatment ending November 9, 2021. To the extent that Plaintiff actually incurred those costs, she has been aware of her medical bills for nearly two years. Her stated reason for failing to file a timely request does not explain how she was unable to obtain those records sooner.

Plaintiff's lack of diligence does not constitute good cause. *See Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 287, 357 P.3d 966, 972 (Nev. App. 2015) ("if the moving party was not diligent in at least attempting to comply with the deadline, the inquiry should end.")

Although her request for exemption appears to briefly argue the factors for determining good faith under this standard, including: "(1) the explanation for the untimely conduct, (2) the importance of the requested untimely action, (3) the potential prejudice in allowing the untimely conduct, and (4) the availability of a continuance to cure such prejudice" (*Nutton,* 131 Nev. at 287, 357 P.3d at 972), because Plaintiff has not provided any excuse for her lack of diligence, the Court's inquiry should end without consideration of these factors. Because there is no conceivable good cause for her failure to comply with the applicable court rules, Plaintiff's untimely request for exemption from arbitration should be denied on that ground alone.

**B.    Plaintiff has not shown the probable award value for her claims exceeds $50,000.**

Moreover, even if Plaintiff's request were timely, or found to be excusable, it should still be denied because she has failed to establish that this action meets the statutory requirements for exemption. All civil actions filed in district court for damages must be submitted to non-binding arbitration "if the cause of action arises in the State of Nevada and the amount at issue does not exceed $50,000 per plaintiff exclusive of attorney fees, interests, and court costs." NRS 38.250(1)(a). To be exempt, a matter must have "a probable jury award value" in excess of $50,000. NAR 3(A).

Plaintiff has not met her burden to establish that this action has a probable jury award value in excess of $50,000.  Plaintiff is claiming only $33,853.64 in past medical expenses and has not even identified, let alone provided evidence, of any other damages that would allow her to reach the $50,000 threshold. Plaintiff's vague assertion that she "continues to have pain and receive medical treatment," is contradicted by her own supporting records cited in the Request, which indicate that she received medical treatment for only 120 days following her injury. Rather than indicating ongoing treatment or additional damages, Plaintiff's medical bills would seem to suggest that she recovered from a shoulder injury two years ago and has incurred no medical expenses related to her injury since then. Plaintiff has offered no explanation or support for any of the other damages she alleges in the Complaint. Therefore, because Plaintiff has not established that the case presents a probable award in excess of $50,000, it should remain in the mandatory arbitration program.

## III.   CONCLUSION

Plaintiff has neither shown good cause for her untimely filing nor established that the value of any probable jury award in this case exceeds $50,000. Accordingly, because Plaintiff has failed to meet her burden under the rules to qualify this action for exemption, the Court should deny her Request and allow this case to remain in the arbitration program.

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135

*Attorneys for Defendants*
*Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b)(2)(D) and E.D.C.R. 8.05, I certify that I am an employee of Kaempfer Crowell, and that on today's date, I electronically filed the **OPPOSITION TO PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** to be served via the Court's Odyssey E-Filing system, to the addressee(s) shown below:

BOYACK LAW GROUP
Bryan A. Boyack
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

DATED: October 11, 2023

 */s/ Morganne Westover*
An employee of Kaempfer Crowell

# EXHIBIT I

# EXHIBIT I

**Electronically Filed**
**10/20/2023 11:17 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**CDRG**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Elizabeth Schmidt, Plaintiff(s)

vs.

Amazon.com Services, LLC, Defendant(s)

AND RELATED CLAIMS

CASE NO: A-23-873501-C
DEPT. NO: XVI

## COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>October 6, 2023</u>

EXEMPTION FILED BY: <u>Plaintiff</u>                    OPPOSITION: <u>Yes</u>

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this <u>20th</u> of <u>October</u>, 2023.

ADR COMMISSIONER

**ADR**
**COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

1

## **NOTICE**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2023.


/s/    Loretta Walker _____
        ADR COMMISSIONER'S DESIGNEE

2

**ADR COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

# EXHIBIT J

# EXHIBIT J

KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendant*
*Amazon.com Services LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF AMAZON'S NOTICE OF REMOVAL** |

KAEMPFER

CROWELL

Page 1 of 2

1.     I am counsel for Amazon.com Services LLC ("Amazon"), which is a defendant in the case captioned *Elizabeth Schmidt v. Amazon.com Services LLC*, Case No. A-23-873501-C, in the Eight Judicial District Court, Clark County, Nevada.

2.     Amazon first learned this case met the $75,000 threshold for removability on November 13, 2023, when Bryan Boyack, counsel for plaintiff Elizabeth Schmidt in this action, provided an initial settlement demand in an email to me, which indicated, for the first time in this case, that Plaintiff is in fact seeking in excess of $75,000 in damages.

3.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2023

By: _____

Raleigh C. Thompson

KAEMPFER
CROWELL

# EXHIBIT K

# EXHIBIT K

KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendant*
*Amazon.com Services LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br><br>**DECLARATION OF CONSENT OF INFINILADDER TECH, INC.** |

KAEMPFER
CROWELL

Page 1 of 2

On behalf of defendant Infiniladder Tech, Inc. ("Infiniladder"), the undersigned declares as follows:

1.    Infiniladder is a defendant in the case captioned *Elizabeth Schmidt v. Amazon.com Services LLC*, Case No. A-23-873501-C, in the Eight Judicial District Court, Clark County, Nevada.

2.    Infiniladder consents to its co-defendant Amazon.com Services, LLC's filing of a Notice of Removal, removing the above-named case from the Eighth Judicial District Court to the United States District Court, District of Nevada.

3.    I have authority to make this statement and grant consent for removal on behalf of Infiniladder.

4.    I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on November 21   , 2023

Infiniladder Tech, Inc.

By: Wu Jianyu

Name: Wu Jianyu

Title: Chief Executive Officer (CEO)

KAEMPFER
CROWELL

Page 2 of 2