KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

*Attorneys for Defendants*
*Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH SCHMIDT, an individual,<br><br>  Plaintiff,<br><br> vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; INFINLADDER TECH, INC., a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>  Defendants. | Case No.  2:23-cv-02054 -JAD-VCF<br><br>**[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

I. <u>Meeting.</u> Plaintiff Elizabeth Schmidt and Defendant Amazon.com Services LLC ("Amazon") met for a discovery planning conference as required by Fed. R. Civ. P. 26(f) on November 20, 2023. Defendant Infiniladder Tech, Inc., which has not entered an appearance in this action, did not appear. The conference was attended by:

Raleigh C. Thompson for Defendant Amazon.com Services LLC; and Daniel Dastrup for Plaintiff Elizabeth Schmidt.

II. <u>Initial Disclosures.</u> The parties made their respective initial disclosures on or before December 4, 2023, as required by Fed. R. Civ. P. 26(1).

III. <u>Discovery Plan.</u>

a. <u>Discovery Cut-Off Date.</u> As background, Amazon filed its Answer to Plaintiff's Complaint in Nevada state court on September 12, 2023. Plaintiff filed a Request for Exemption from Arbitration on October 6, 2023, which sought to exempt this case from mandatory arbitration in state court, to which Amazon filed an opposition. The state court granted Plaintiff's request on October 20, 2023. The parties held a discovery planning conference on November 20, 2023. Amazon filed a Notice of Removal on December 12, 2023. The parties did not submit a discovery plan to the state court or conduct any discovery prior to removal.

The parties request a discovery cut-off date of Monday, June 10, 2024, which is 180 days from the date of Amazon's Notice of Removal (plus an additional day because the deadline would fall on Sunday). The requested deadline is 272 days from the date Amazon filed its Answer. This period is in excess of the presumptive 180-day period under LR 26-1(b)(1), and is requested by the parties to allow them sufficient time for discovery following removal of this case. The parties had made initial disclosures but not yet begun discovery in state court before removal, and will require the requested time to gather documents from each other and third parties, including medical documentation, conduct written discovery, hire experts, take fact and expert depositions, and otherwise prepare this case for trial.

b. <u>Amending the Pleadings and Adding Parties.</u> The parties propose that they shall have until Tuesday, March 12, 2024, to file a[ny] motion[s] to amend the pleadings or to add parties. This is 90 days before the proposed fact

discovery cut-off date and does not exceed the outside limit LR 26-1(b)(3) presumptively sets for filing such motions.

        c. <u>Expert Disclosures</u>. The parties propose the following deadlines for disclosure of experts, in accordance with LR 26-1(b)(3):

            i. Expert disclosures by Wednesday, April 10, 2024, which is 61 days before the discovery cut-off date;

            ii. Rebuttal expert disclosures by Friday, May 10, 2024, which is 30 days after the initial disclosure of experts.

        d. <u>Dispositive Motions.</u> The parties propose that they shall have until Wednesday, July 10, 2024 to file dispositive motions, which is 30 days after the completion of discovery as LR 26-1(b)(4) requires.

        e. <u>Pretrial Order.</u> The parties propose that they shall have until Friday, August 9, 2024 to file the pretrial order, which is 30 days after the dispositive motion deadline as LR 26-1(b)(5) requires.

        f. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be included in the joint pretrial order.

    IV. <u>LR 26-1(b) Certifications</u>.

        a. <u>Alternative Dispute Resolution.</u> The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation; however, they are not agreeable to pursuing any of these alternative dispute-resolution processes at this time.

        b. <u>Alternative Forms of Case Disposition.</u> The parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. §

636(c) and Fed. R. Civ. P. 70 and use of the Short Trial Program (General Order 2013-01); however, they do not consent to trial by a magistrate judge and/or use of the Short Trial Program at this time.

     V.  Electronic Evidence.  The parties conferred but did not yet reach any stipulations regarding presentation of electronic evidence at trial. They will continue to assess the need to do so, and will follow the directives of LR 26-1(b)(9) for the presentation of any electronic evidence.

     VI.  Electronic Service.  The parties agree to accept electronic service of discovery requests and pursuant to Fed. R. Civ. P. 5(b)(2)(E).

| KAEMPFER CROWELL | BOYACK LAW GROUP |
|---|---|
| Raleigh C. Thompson, No. 11296<br>Ryan M. Lower, No. 9108<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135 | /s/ Bryan A. Boyack<br>Bryan A. Boyack<br>1707 Village Center Circle, Suite 100<br>Las Vegas, Nevada 89134 |
| *Attorneys for Defendants Amazon.com Services LLC* | *Attorneys for Plaintiff* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATE: 1-5-2024